UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JOSEPH EDWARD JEFFERSON,
  *Defendant-Appellant.*

No. 02-4396

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-01-933-2)

Submitted: December 23, 2002

Decided: January 15, 2003

Before WILKINS, LUTTIG, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Parks N. Small, Federal Public Defender, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Joseph Edward Jefferson pled guilty to possession of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c) (2000) (Count Two), possession of 5-50 grams of crack cocaine with intent to distribute, 21 U.S.C. § 841(a), (b)(1)(B) (2000) (Count Three), and possession of a firearm by a convicted felon, 18 U.S.C. 922(g)(1) (2000) (Count Four). He received a sentence of 135 months on Count Three, a concurrent sentence of 120 months (the statutory maximum) on Count Four, and a 60-month consecutive sentence on Count Two. Jefferson appeals his sentence, contesting the district court's calculation of the offense level for Count Four on two grounds. Because he did not raise either of these issues in the district court, our review is for plain error. *United States v. Olano*, 507 U.S. 725, 73237 (1993) (unpreserved error may be corrected only if error occurred, that was plain, and that affects substantial rights, and failure to correct error would seriously affect the fairness, integrity, or public reputation of judicial proceedings); *United States v. McAllister*, 272 F.3d 228, 230 (4th Cir. 2001).

On May 15, 2001, Jefferson drove away from a traffic stop and was pursued by the police officer. Jefferson stopped his vehicle and ran behind a residence. As the officer followed him through the back yard, Jefferson paused at the fence and pointed a gun at him. At the officer's order, Jefferson dropped his gun, but again fled and escaped. The gun proved to be a Bersa .380 caliber pistol, loaded and with a round chambered. In a search of Jefferson's vehicle, police officers found twenty-six grams of crack. This conduct was the basis for Counts Two and Three.

On July 11, 2001, after receiving a tip that Jefferson was on the porch of a certain house, the police approached. Jefferson ran into the back yard, where he was confronted by more police officers. He then ran to the fence on the side of the yard, pulling an object from under his shirt and dropping it as he ran. Jefferson went over the fence into the next yard, but was quickly captured. In the spot where Jefferson had dropped the object, the officers found a 9 mm semiautomatic pistol with a round chambered and an ammunition clip nearby. This conduct was the basis for Count Four.

In the presentence report, the recommended base offense level for Count Four was 26, which applies when the offense involves "a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30)," and the defendant has two prior felony convictions for either a crime of violence or a drug offense. USSG § 2K2.1(a)(1). The probation officer also recommended another two-level adjustment for reckless endangerment during flight, § 3C1.2, which yielded an offense level of 28. Without objection from Jefferson, the district court adopted these recommendations.

On appeal, Jefferson first contends that the district court plainly erred in applying the enhanced base offense level in § 2K2.1(a)(1) because the firearm he possessed on July 11 is not one of those specified in the guideline. The government concedes that the 9 mm Taurus semiautomatic pistol that Jefferson possessed on July 11, 2001, is not described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30) and that the district court should have applied base offense level 24 under § 2K2.1(a)(2). The parties agree that the error, while plain, should not require resentencing unless we also conclude that the reckless endangerment adjustment on Count Four was plain error. This is so because, if the correct offense level for Count Four is 26, it is still within four levels of the offense level for Count Three. Therefore, two units would still be added under § 3D1.4 and the combined adjusted offense level for both counts would remain at 32.

We cannot conclude that the adjustment for reckless endangerment on Count Four was plain error. A two-level adjustment is provided under USSG § 3C1.2 for conduct that "recklessly created a substantial risk of death or serious bodily injury to another person" while fleeing from a law enforcement officer. Application Note 2 adopts the definition of "reckless" in Application Note 1 to USSG § 2A1.4, that is, that the defendant "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation."

Jefferson argues that his conduct on July 11 constituted mere flight and did not create a threat to any person because he did not display or point the gun at anyone; he posits that merely carrying a gun does not constitute reckless endangerment. He is correct to that extent.

However, Jefferson did more than carry a firearm on July 11. While he was fleeing from the officers, he threw down his gun, which was loaded, had a round chambered, and was ready to fire. There was a risk that the pistol would discharge accidentally when dropped which created a substantial risk of injury to the pursuing officers. In addition, had the officers not found the gun, it would have constituted a substantial risk of injury to the community. Consequently, we conclude that the district court did not plainly err in accepting the probation officer's recommendation that the adjustment applied on Count Four.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*