**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEFFREY SCOTT GAYLORD,

    Defendant - Appellant.

No. 02-1313
(D.C. No. 02-CR-101-B)
(Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

Jeffrey Gaylord pled guilty to two counts of committing bank robbery in

violation of 18 U.S.C. §§ 2113(a) and (d). In calculating his sentence, the district

court applied a two-level enhancement pursuant to U.S.S.G. § 3C1.2 for reckless

endangerment during his flight from police following one of the robberies. On

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

appeal, Gaylord objects to this sentencing enhancement.  We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm.

**I**

In October 2001, Gaylord entered a bank in Aurora, Colorado, approached a teller, and demanded money.  Believing that Gaylord had a gun, the teller removed more than five thousand dollars from his drawer and placed it on the counter.  Gaylord took the money and fled.  Four months later, with remarkable chutzpah, he entered the same bank and committed an identical robbery.  Fortunately, a bank employee was able to write down Gaylord's license-plate number as he sped away.

While on routine patrol, Officer Frank Rodman received a radio message advising of the robbery and describing both the suspect and the getaway car.  Soon thereafter, Officer Rodman saw a vehicle matching this description, and followed the car into a lot on a small hill behind an auto garage, ultimately blocking the suspect's car.  Gaylord then exited his vehicle with hands in the air and started to walk towards Officer Rodman.  When the officer instructed Gaylord to kneel down on the ground, though, Gaylord returned to his car in an attempt to flee.  Officer Rodman jumped back in his car, breaking his foot in the process.

As Gaylord drove off, he backed into the officer's patrol car, then sped forward over a curb and down toward the auto garage.  Officer Rodman followed

Gaylord onto Interstate 25, and once on the highway, Gaylord drove at a speed of approximately fifty-five miles per hour, weaving in and out of traffic. When Gaylord abruptly exited the highway without slowing down, he hit loose gravel, causing his car to spin and strike a traffic island before rolling over. At this point, Officer Rodman apprehended Gaylord and brought him into police custody.

Gaylord pled guilty to two counts of bank robbery. At sentencing, the district court enhanced Gaylord's offense level by two points under U.S.S.G. § 3C1.2 for reckless endangerment during flight. Gaylord was ultimately sentenced to seventy-eight months' imprisonment on each count, to be served consecutively. On direct appeal, Gaylord contests the two-level enhancement.

## II

We review for clear error the district court's determination that Gaylord's post-robbery flight constituted reckless endangerment. United States v. Conley, 131 F.3d 1387, 1389 (10th Cir. 1997). The government has the burden to prove factors enhancing a sentence by a preponderance of the evidence. Id. "Evidence underlying a district court's sentence is reviewed by viewing the evidence, and inferences drawn therefrom, in the light most favorable to the district court's determination." Id. We review a district court's interpretation of the Sentencing Guidelines de novo. United States v. Maldonado-Acosta, 210 F.3d 1182, 1183 (10th Cir. 2000).

Section 3C1.2 of the Sentencing Guidelines provides for a two-level enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. For purposes of this enhancement, "'[r]eckless' refers to a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. § 2A1.4, cmt. n.1; U.S.S.G. § 3C1.2, cmt. n.2 (explaining that "reckless" is defined in the commentary to § 2A1.4). We have held that the standard of care is that of the reasonable person, not of the reasonable fleeing criminal suspect. Conley, 131 F.3d at 1389.

Gaylord insists that the district court erred in applying the reckless endangerment enhancement in his case because, he was driving at or below the speed limit, he caused no injuries, and he did not receive any traffic citations. He cites cases where application of the enhancement involved far more reckless conduct during flight. See, e.g., United States v. Williams, 254 F.3d 44, 48 (2d Cir. 2001) (upholding enhancement were defendant was "speeding the wrong way on a one-way street . . . [and] driving very significantly over the speed limit while weaving from lane to lane"); United States v. Reed, 80 F.3d 1419, 1420 (9th Cir.

1996) (upholding enhancement where defendant drove at speed approaching seventy-five miles per hour and crashed into cars at the top of a blind hill); United States v. Chandler, 12 F.3d 1427, 1433 (7th Cir. 1994) (upholding enhancement where defendant led officers on a chase through residential subdivisions at speeds ranging from thirty-five to fifty miles per hour while weaving from lane to lane). Gaylord suggests that his conduct, by contrast, represented neither a gross deviation from the standard of care nor a substantial increase in the risk of harm to others.

We recognize that "[n]ot every flight from a crime scene . . . will constitute reckless endangerment under § 3C1.2." Conley, 131 F.3d at 1390. Here, however, the facts viewed in their entirety establish reckless endangerment. After Officer Rodman ordered him to his knees, Gaylord jumped back in his car, backed into the officer's car, and proceeded to drive through the parking lot and onto Interstate 25. Officer Rodman followed Gaylord, who was driving at approximately fifty-five miles per hour and was weaving in and out of traffic without signaling. Gaylord abruptly exited at East Orchard Road, continuing at the same speed, which was at least fifteen miles per hour above the speed limit at that exit. At the bottom of the exit ramp, there were other vehicles stopped at a light. Gaylord went down the ramp, through the intersection, and hit loose gravel, causing him to spin out and flip his car. Finally, it was uncontested that Gaylord

told investigators that he drank approximately five shots of vodka in a four-hour time span preceding his arrest.

In applying the two-level enhancement, the district court found that the circumstances here evince a known risk of danger to others, and constituted a gross deviation from the standard of care that a reasonable person would have exercised in the same situation. Viewing the evidence in the light most favorable to the district court's ruling, we cannot say that the court's finding that Gaylord's flight amounted to reckless endangerment was clearly erroneous.

**III**

For the foregoing reasons, we **AFFIRM** Gaylord's sentence.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge