FILED
United States Court of Appeals
Tenth Circuit

July 5, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellant,

v.

KENNON D. THOMAS,

      Defendant - Appellee.

No. 10-3023

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 2:09-CR-20040-MLB-1)**

---

James A. Brown, Assistant United States Attorney, (Lanny D. Welch, United States Attorney, with him on the brief), District of Kansas, Topeka, Kansas, for Plaintiff - Appellant.

Jeff Griffith, Derby, Kansas, for Defendant - Appellee.

---

Before **KELLY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

The sole issue on appeal is whether the Kansas offense of eluding a police officer is a "crime of violence" under the United States Sentencing Guidelines (USSG). The district court ruled that the offense was not a crime of violence and

the government appeals.  We reverse because that ruling is contrary to the

Supreme Court's recent decision in *Sykes v. United States*, 131 S. Ct. 2267

(2011).

I.    **BACKGROUND**

On March 26, 2009, Defendant Kennon D. Thomas was indicted in the

United States District Court for the District of Kansas for possessing a firearm

after having been convicted of a crime punishable by imprisonment for a term

exceeding one year.  *See* 18 U.S.C. § 922(g)(1).  The indictment stated that he

had twice been convicted in Wyandotte County, Kansas, of eluding a police

officer.  On August 31, 2009, Defendant pleaded guilty to the offense.

The presentence investigation report (PSR) determined that Defendant's

base offense level was 24 because he had committed the federal offense after

"sustaining two felony convictions involving a crime of violence."  Aplt. App.,

Vol. II at 5; *see* USSG § 2K2.1(a)(2).  The two convictions had been for

violations of Kan. Stat. Ann. § 8-1568 (1998), which stated:

> (a) Any driver of a motor vehicle who willfully fails or refuses to
> bring such driver's vehicle to a stop, or who otherwise flees or
> attempts to elude a pursuing police vehicle or police bicycle, when
> given visual or audible signal to bring the vehicle to a stop, shall be
> guilty [of an offense].  The signal given by the police officer may be
> by hand, voice, emergency light or siren.  The officer giving such
> signal shall be in uniform, prominently displaying such officer's
> badge of office, and the officer's vehicle or bicycle shall be
> appropriately marked showing it to be an official police vehicle or
> police bicycle.
> (b) Any driver who violates the provisions of subsection (a) and who:

(1) commits any of the following during a police pursuit:
> . . .
> (B) drives around tire deflating devices placed by a police officer;
> . . .
> (E) commits five or more moving violations; or

(2) is attempting to elude capture for the commission of any felony, shall be guilty [of a felony].

Defendant pleaded guilty to violations of the statute in 2005 and 2008. The 2005 information to which he pleaded charged:

> [Defendant] did unlawfully and willfully fail or refuse, while operating a motor vehicle, to bring the vehicle to a stop, or did otherwise flee or attempt to elude a pursuing police vehicle, having been given visual or audible signals to do so by a uniformed police officer, and that *the defendant attempted to elude capture for a felony*.

Aplt. App., Vol. I at 29 (emphasis added). The 2008 information charged:

> [Defendant] did unlawfully and willfully fail or refuse, while operating a motor vehicle, to bring the vehicle to a stop, or did otherwise flee or attempt to elude a pursuing police vehicle, having been given visual or audible signals to do so by a uniformed police officer, and in the course of such police pursuit: *did drive around tire-deflating devices placed by a police officer . . . .*

OR, IN THE ALTERNATIVE

> [D]id unlawfully and willfully fail or refuse, while operating a motor vehicle, to bring the vehicle to a stop, or did otherwise flee or attempt to elude a pursuing police vehicle, having been given visual or audible signals to do so by a uniformed police officer, and in the course of such police pursuit: *committed five or more moving violations*.

*Id.* at 33 (emphasis added). The record does not indicate which of these alternative grounds was the basis of Defendant's 2008 plea.

Defendant objected to the categorization of his two prior felonies as crimes of violence. At the sentencing hearing the district court agreed with Defendant, resulting in his base offense level being 14. *See* USSG § 2K2.1(a)(6), cmt. 3. He received a two-level reduction for acceptance of responsibility, *see id.* § 3E1.1(a), giving him a total offense level of 12. Because of his criminal-history category of VI, his guideline sentencing range was 30 to 37 months. The court imposed a sentence of 33 months' incarceration.

## II.    DISCUSSION

"Whether a prior conviction qualifies as a 'crime of violence' under the Guidelines is a legal question that we examine de novo." *United States v. McConnell*, 605 F.3d 822, 824 (10th Cir. 2010). The term *crime of violence* is defined by the sentencing guidelines as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a).[1] Whether an offense is a crime of violence turns on the elements of the offense for which the defendant was convicted, not the particular conduct of the defendant. *See United States v. Wise*, 597 F.3d 1141, 1144 (10th

---

[1]There is no dispute that Defendant's prior convictions were "punishable by imprisonment for a term exceeding one year."

Cir. 2010). Ordinarily, to determine what the elements are, we need look only at the language of the statute under which the defendant was convicted. *See id.* But some statutory offenses can be committed in more than one way. In that event we must examine the charging document or other conclusive source (such as a plea agreement or plea colloquy) to determine in which of the alternative ways the defendant was charged with committing the offense; once that is determined, we consider only the elements that must be established to convict of that alternative. *See id.*

The offense of eluding a police officer does not have any of the elements set forth in USSG § 4B1.2(a)(1), nor is it one of the crimes enumerated in § 4B1.2(a)(2). Consequently, it is a crime of violence only if it satisfies the residual clause of § 4B1.2(a)(2)—that is, if it "otherwise involves conduct that presents a serious potential risk of physical injury to another."

The language of the residual clause also appears in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which sets minimum sentences for firearms offenders who have been convicted of "violent felonies." The definition of *violent felony* is:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>      (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

-5-

(ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

*Id.* § 924(e)(2)(B) (emphasis added). Because of this commonality of language in the residual clauses of the ACCA and USSG § 4B1.2(a), we have consistently interpreted them identically. *See Wise*, 597 F.3d at 1145; *United States v. Tiger*, 538 F.3d 1297, 1298 (10th Cir. 2008) (overruling circuit precedent that felony DUI is a crime of violence in light of Supreme Court decision that felony DUI is not a violent felony).

Thus, in deciding whether the Kansas offense of eluding a police officer is a crime of violence, we rely on the Supreme Court's holding that the Indiana offense of resisting law enforcement by fleeing in a vehicle is a violent felony under the ACCA's residual clause. In *Sykes* the statute at issue was Indiana Code § 35-44-3-3 (2004), which stated:

(a) A person who knowingly or intentionally:
. . .
(3) flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop;
commits resisting law enforcement, a Class A misdemeanor, except as provided in subsection (b).
(b) The offense under subsection (a) is a:
(1) Class D felony if:
(A) the offense is described in subsection (a)(3) and the person uses a vehicle to commit the offense.

Sykes was convicted under § 35-44-3-3(b)(1)(A) for using a vehicle to flee after a police officer ordered him to stop. *See Sykes*, 131 S. Ct. at 2271.

The Supreme Court reasoned that Sykes's offense "present[ed] a serious potential risk of physical injury to another," because "[w]hen a perpetrator defies a law enforcement command by fleeing in a car, the determination to elude capture makes a lack of concern for the safety of property and persons of pedestrians and other drivers an inherent part of the offense," *id.* at 2273, and the vehicular escape creates a strong likelihood that police officers will pursue and create an even more dangerous situation, *see id.* The Court noted statistical studies indicating that vehicular flight is more dangerous to police and bystanders than burglary or arson, two of the felonies specifically enumerated in both the ACCA definition of *violent felony* and the sentencing-guidelines definition of *crime of violence*. *See id.* at 2274–75. And the Court stated that the Indiana offense was not excluded from the residual clause by the exception set forth in *Begay v. United States*, 553 U.S. 137 (2008), for "strict liability, negligence, and recklessness crime[s]" even when they present serious risks of physical injury, *Sykes*, 131 S. Ct. at 2276; it explained that the Indiana statute had the "stringent *mens rea* requirement" that the defendant act "knowingly or intentionally." *Id.* at 2275 (internal quotation marks omitted).

*Sykes* controls the decision in this case. The elements of Sykes's offense and Defendant's offenses are identical in all relevant respects. Sykes was convicted of using a vehicle to "flee[] from a law enforcement officer after the officer ha[d], by visible or audible means, identified himself and ordered the

person to stop," Ind. Code § 35-44-3-3; and Defendant twice pleaded guilty to "fail[ing] or refus[ing], while operating a motor vehicle, to bring the vehicle to a stop, or . . . otherwise flee[ing] or attempt[ing] to elude a pursuing police vehicle, having been given visual or audible signals to do so by a uniformed police officer," Aplt. App., Vol. I at 29, 33. Thus, Defendant and Sykes were each convicted of fleeing in a motor vehicle from a police officer who was readily identifiable as a police officer and who visibly or audibly signaled him to stop. Sykes's conduct was "knowing[] or intentional[]," Ind. Code § 35-44-3-3(a); Defendant's was "willful[]," Kan. Stat. Ann. § 8-1568(a), a comparable *mens rea* standard, *see State v. Coyote*, 1 P.3d 836, 842 (Kan. 2000) (the terms *intentional*, *knowing*, *willful*, *purposeful*, and *on purpose* "are meant to be synonymous"). The principal difference between the offenses is that Defendant's offenses required additional elements to make them felonies. The additional element in 2005 was that he was attempting to elude capture for commission of a felony; the additional element in 2008 was either that he drove around a tire-deflating device or that he committed five or more moving violations during his flight. These additional elements hardly made Defendant's offenses less likely to cause physical injury to another. If Sykes's offense was a violent felony, Defendant's two offenses must have been crimes of violence. Accordingly, we reverse the decision below. We note that our decisions in *McConnell*, 605 F.3d at 829–30 (violation of Kan. Stat. Ann. § 8-1568 is a crime of violence), and *Wise*, 597 F.3d

-8-

at 1148 (Utah offense of failure to obey police command to stop is a crime of violence), remain good law.

## III.  CONCLUSION

We REVERSE and REMAND to the district court for resentencing consistent with this opinion.