**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

SHAWN L. PATTON,

        Defendant - Appellant.

No. 10-3248
(D.C. No. 2:10-CR-20040-KHV-2)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Defendant Shawn Patton pleaded guilty in the United States District Court

for the District of Kansas to possession of a firearm by a convicted felon. *See*

18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to 180

months' imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C.

§ 924(e), after determining that he had three prior convictions for violent felonies.

On appeal he challenges his sentence on the ground that the Kansas offense of

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

attempted fleeing or eluding a police officer is not a violent felony.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.  Our precedent undermines his challenge.

## I.    DISCUSSION

The ACCA sets a minimum sentence of 15 years' imprisonment for one convicted under 18 U.S.C. § 922(g) who has three prior convictions for violent felonies.  *See* 18 U.S.C. § 924(e)(1).  Defendant argues that he did not have three such convictions because his prior Kansas conviction for attempting to flee or elude a police officer, *see* Kan. Stat. Ann. § 8-1568(b)(1)(C) (1998), was not for a violent felony.  We review de novo the legal determination that a state conviction qualifies as a violent felony.  See *United States v. West*, 550 F.3d 952, 959 (10th Cir. 2008).

The statute violated by Defendant states:

(a) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty as provided by [certain subsections]. . . .

(b) Any driver who violates the provisions of subsection (a) and who: (1) Commits any of the following during a police pursuit:  (A) Fails to stop for a police road block; (B) drives around tire deflating devices placed by a police officer; (C) engages in reckless driving as defined by K.S.A. 8-1566 and amendments thereto; (D) is involved in any motor vehicle accident or intentionally causes damage to property; or (E) commits five or more moving violations; . . . (2) . . . shall be guilty as provided in subsection (c)(4).

Kan. Stat. Ann. § 8-1568(a)–(b) (1998).  Defendant was convicted of attempting

to flee or elude a police officer and engaging in reckless driving.  *See id.*

§ 8-1568(b)(1)(C).  Under Kansas law, reckless driving is "driv[ing] any vehicle

in willful or wanton disregard for the safety of persons or property."  *Id.*

§ 8-1566(a) (1989).

> The ACCA defines *violent felony* as:
>
> any crime punishable by imprisonment for a term exceeding one
> year . . . that—
>
>> (i)      has as an element the use, attempted use, or threatened
>> use of physical force against the person of another; or
>>
>> (ii)     is burglary, arson, or extortion, involves use of
>> explosives, *or otherwise involves conduct that presents
>> a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The sole issue before us is whether

the Kansas offense comes under the language of the residual clause of

§ 924(e)(2)(B)(ii) as a felony "involv[ing] conduct that presents a serious

potential risk of physical injury to another."  The quoted language also appears in

§ 4B1.2(a)(2) of the Sentencing Guidelines (which defines *crime of violence*), and

we have "consistently interpreted" that language "identically" in both provisions.

*United States v. Thomas*, 643 F.3d 802, 805 (10th Cir. 2011).  *See also United*

*States v. McConnell*, 605 F.3d 822, 828 (10th Cir. 2010) ("[T]he nearly identical

language in those two provisions allows us to consider precedent involving one in

construing the other.").  Opinions applying one provision's language are virtually binding precedent in applying the identical language of the other.

Such precedent governs here.  In *Thomas* we held that a conviction under either Kan. Stat. Ann. § 8-1568(b)(1)(B) or § 8-1568(b)(1)(E) is a crime of violence under USSG § 4B1.2 because it "involve[d] conduct that presents a serious potential risk of physical injury to another."  *See Thomas*, 643 F.3d at 805–06 (internal quotation marks omitted).  We relied on the Supreme Court's holding in *Sykes v. United States*, 131 S.Ct. 2267 (2011), that the Indiana offense of knowingly or intentionally using a vehicle to flee from a police officer is a violent felony under the residual clause of the ACCA.  *See id.*  We reasoned that the principal difference between the statute in *Sykes* and the Kansas statute is that the Kansas statute requires one of the five additional elements listed in subsection (b).  *See id.* at 806.  The additional elements at issue in that case (driving around a tire-deflating device or committing five or more moving violations), however, "hardly made Defendant's offenses less likely [than the offense in *Sykes*] to cause physical injury to another."  *Id.* at 806.  The same is true here.  Defendant's reckless driving in "willful or wanton disregard for the safety of persons or property," Kan. Stat. Ann. § 8-1566(a), did not make his offense less likely to cause physical injury to another than would the Indiana offense addressed in *Sykes*.

Defendant attempts to distinguish *Thomas* on the ground that Defendant, unlike the defendant in *Thomas*, was convicted of merely *attempting* to flee. But in opinions addressing a Utah offense similar to the one Defendant was convicted of, we held that attempting to flee satisfies the residual clauses of both USSG § 4B1.2(a) and 18 U.S.C. § 922(e)(2)(B)(ii). *See United States v. Wise*, 597 F.3d 1141, 1144, 1146 (10th Cir. 2010) ("'attempt[ing] to flee or elude a peace officer by vehicle or other means'" after receiving a signal to stop is a crime of violence under USSG § 4B1.2(a)(2)); *United States v. West*, 550 F.3d 952, 969–71 (10th Cir. 2008) (conviction under same Utah statute is a violent felony under § 924(e)(2)).

## II. CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge