**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRICE E. HANNS, a/k/a Brice Hans,

    Defendant - Appellant.

No. 11-1375
(D.C. No. 07-CR-00182-REB-2)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Defendant-Appellant, Brice E. Hanns, appeals his status as a career offender, based upon two prior state convictions for second-degree assault that were classified as "crimes of violence" under U.S.S.G. § 4B1.2(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3731(a), and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## Background

Mr. Hanns was charged in May 2007 with carjacking and firearms offenses, 1 R. 14-23, and pled guilty to one count of carjacking (count five), 18 U.S.C. § 2119, and one count of use of a firearm during a crime of violence (count seven), 18 U.S.C. § 924(c)(1)(A), 1 R. 24-37. The presentence investigation report ("PSR") revealed, inter alia, two prior state convictions for second-degree assault and classified these offenses as crimes of violence. 3 R. 11, 15. Due in part to this classification, Mr. Hanns was found to be a career offender as defined by U.S.S.G. § 4B1.1(a)—thus increasing his Guidelines range. 3 R. 11. Mr. Hanns objected to the PSR, 1 R. 51-66, and the government responded, 1 R. 67-74. The district court overruled Mr. Hanns's objections. See Order Overruling Objections to PreSentence Report, United States v. Hanns, No. 07-cr-00182-REB-02, ECF No. 321 (D. Colo. July 29, 2011) (hereinafter "Order"). He was sentenced to 157 months' imprisonment, with three years' supervised release for count five and five years' supervised release for count seven to run concurrently. 1 R. 99-100.

## Discussion

We review the district court's determination that a prior conviction qualifies as a crime of violence under the Guidelines de novo. See United States v. Thomas, 643 F.3d 802, 804 (10th Cir. 2011).

Under § 4B1.2(a) of the Guidelines, a "crime of violence" is defined as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In Colorado, an individual commits second degree assault when:

For a purpose other than lawful medical or therapeutic treatment, he intentionally causes stupor, unconsciousness, or other physical or mental impairment or injury to another person by administering to him, without his consent, a drug, substance, or preparation capable of producing the intended harm.

Colo. Rev. Stat. § 18-3-203(1)(e).

In determining whether a crime is a "crime of violence," we first take a categorical approach and "look[] only to the statutory definition[] of the prior offense[], and not to the particular facts underlying those convictions." See United States v. Perez-Vargas, 414 F.3d 1282, 1284 (10th Cir. 2005). If the statute is broad enough to encompass both violent and nonviolent crimes, however, "a court can look beyond the statute to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the sentencing court." See id. (internal quotations omitted). This court has already decided that Colo. Rev. Stat. § 18-3-203(1)(e) does not proscribe a crime of violence, as defined in U.S.S.G. §

- 3 -

2L1.2(b)(1)(A)(ii)—meaning that it does not necessarily involve the use, attempted use, or threatened use of physical force.[1] See United States v. Rodriguez-Enriquez, 518 F.3d 1191, 1195 (10th Cir. 2008). Therefore, as argued by Mr. Hanns, second degree assault in Colorado does not meet the definition of a "crime of violence" set forth in U.S.S.G. § 4B1.2(a)(1), which shares the "use, attempted use, or threatened use of physical force" language with U.S.S.G. § 2L1.2(b)(1)(A)(ii). Furthermore, again as argued by Mr. Hanns, it is not one of the enumerated felonies listed in § 4B1.2(a)(2). Thus, in order to be classified as a "crime of violence," the second-degree assault statute must qualify under the "residual clause" of U.S.S.G. § 4B1.2(a)(2).

Mr. Hanns argues that the second-degree assault statute does not qualify under the residual clause because it does not involve risk of physical injury, but even if it does, it still would not qualify because it does not involve violent and

---

[1] For purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii), "crime of violence" is defined as:

> any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 n.1(B)(iii).

aggressive conduct.

Whether Colo. Rev. Stat. § 18-3-203(1)(e) constitutes a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a)(2) is an issue of first impression for this court. The Supreme Court, however, recently considered whether an Indiana law criminalizing vehicle flight from police constituted a crime of violence under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which is identical to the residual clause at issue here. In Sykes v. United States, 131 S. Ct. 2267 (2011), the Court held that vehicle flight is a crime of violence because it can "cause serious potential risk of physical injury to another," Id. at 2274. Addressing the argument that "vehicle flights do not involve the kinds of dangers that the [ACCA's] residual clause demands," the Court distinguished Begay v. United States, 553 U.S. 137 (2008), upon which Mr. Hanns relies heavily. Sykes, 131 S. Ct. at 2275-76. Begay held that driving under the influence is not a violent felony under the residual clause of the ACCA because the crimes listed in the residual clause all involve "purposeful, violent, and aggressive conduct"—suggesting a "higher degree of intent than negligent or merely accidental conduct" usually present in a DUI. 553 U.S. at 144-45 (internal quotations omitted). Sykes distinguished Begay by explaining that vehicle flight "has a stringent *mens rea* requirement and violators must act *knowingly or intentionally*." Sykes, 131 S. Ct. at 2275 (second emphasis added) (internal quotations omitted). The "purposeful or intentional" *mens rea* requirement in the

- 5 -

state statute concerning vehicle flight was therefore similar to the enumerated crimes listed in the ACCA's residual clause and precluded application of the Begay exception. Id. at 2276. The Court also found that "[s]erious and substantial risks are an inherent part of vehicle flight," making vehicle flight a crime of violence for purposes of the ACCA. Id.

This court applied Sykes in United States v. Smith, 652 F.3d 1244 (10th Cir. 2011), and held that a person in the custody of a juvenile officer commits a "crime of violence" under the ACCA by violating Okla. Stat. tit. 21, § 650.2. Holding that the conduct at issue was "roughly similar, in kind as well as in degree of risk posed to the enumerated examples preceding the [residual clause]," Smith, 652 F.3d at 1247 (quoting United States v. Williams, 559 F.3d 1143, 1147 (10th Cir. 2009)), we held that assaulting a state official requires a "stringent *means rea* requirement . . . beyond strict liability" and results in a sort of "powder keg" situation, which could result in physical injury at any moment, id. at 1248-49.

Additionally, this court has applied Sykes in determining whether a crime constitutes a "crime of violence" under the residual clause of § 4B1.2(a)(2). In Thomas, we relied on Sykes to hold that a defendant's willful refusals to stop for police under Kansas law were crimes of violence under the residual clause for substantially the same reasons that the Supreme Court articulated in Sykes. 643 F.3d at 806. In Thomas, like in Sykes, we noted that the Begay exception for

strict liability and negligence crimes did not apply.  Id.  Similarly, in United States v. Armijo, 651 F.3d 1226, 1237 (10th Cir. 2011), we held that "only those versions of manslaughter that involve intentional or purposeful behavior qualify as crimes of violence for purposes of § 4B1.2(a)," excluding Colorado's manslaughter statute that addressed only reckless conduct.

We hold that the statute at issue in this case includes an "intentional" *mens rea* requirement, thus fulfilling the Sykes standard and precluding Begay's exception.  The crime is also similar in risk, as well as in degree, to the enumerated crimes listed in § 4B1.2(a)(2).  See James v. United States, 550 U.S. 192, 203 (2007).  As the district court noted:

> a person who is in a stupor or who is suffering from physical or mental impairment is at significant risk of physical injury from falling and from assaults or other harmful actions taken by others who may choose to take advantage of the victim's impairment or impairments.  In addition, a person suffering from mental impairment is at risk of physical injury also from the exercise of impaired judgment about what actions to take, including in the operation of a motor vehicle.  Like the excessive consumption of alcohol, these conditions present a serious potential risk of physical injury to both the victim of the assault in the second degree and to those persons in the presence of the victim.

Order at 6.  Moreover, the administration of drugs by someone who is not a licensed doctor to a victim whose medical history and other physical characteristics are unknown to the perpetrator poses a substantial risk of physical injury to the victim.  Therefore, the district court correctly held that a violation of Colo. Rev. Stat. § 18-3-203(1)(e) is a crime of violence for purposes of U.S.S.G.

§ 4B1.2(a).

     AFFIRMED.

                                   Entered for the Court

                                   Paul J. Kelly, Jr.
                                   Circuit Judge