FILED
United States Court of Appeals
Tenth Circuit

February 7, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KENNON D. THOMAS,

Defendant – Appellant.

No. 13-3126
(D.C. No. 2:09-CR-20040-01-MLB-1)
(D. Kansas)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

---

In August 2009, Kennon D. Thomas pleaded guilty to a charge of a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). His initial Presentence Investigation Report (PSR) recommended a base offense level of twenty-four based upon his prior conviction of two crimes of violence.[1] *See* U.S. Sentencing Guidelines Manual §2K2.1(a)(2) (2012) [hereinafter U.S.S.G.]. But the PSR also credited him with a three-level reduction for §3E1.1 acceptance of responsibility—giving Thomas a total offense level of twenty-one.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. Fed. R. App. P. 34(2)(A); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Thomas has two prior felony convictions for fleeing or eluding a law enforcement officer under Kansas law. *See* Kan. Stat. Ann. § 8-1568 (1998).

At the first sentencing hearing, the district court sustained Thomas's objection that his previous crimes were not crimes of violence. Without the crimes of violence, Thomas's total offense level fell to eleven, which translated to a range of twenty-seven to thirty-three months in prison. The district court sentenced Thomas to thirty-three months.

The United States timely appealed. *United States v. Thomas*, 643 F.3d 802 (10th Cir. 2011). Another panel of this Court found that Thomas's previous crimes were crimes of violence. *Id.* at 806. On remand, the district court scheduled a resentencing hearing. But Thomas—then out of prison and on supervised release—fled to Tennessee and failed to appear. Roughly seventeen months later, authorities apprehended him and returned him to Kansas for resentencing.

At resentencing, the district court reinstated the crimes of violence for a base offense level of twenty-four. It also removed the previous adjustments for accepting responsibility. Further, the court imposed a two-level upward adjustment for obstruction of justice. *See* U.S.S.G. §3C1.1. The total offense level of twenty-six equated to a sentencing range of 110–137 months' imprisonment. The court imposed a 110-month sentence. Thomas appeals.

Counsel for Thomas filed an *Anders* brief and requested permission to withdraw. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) ("The Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967), authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines

that any appeal would be wholly frivolous."). Thomas filed a pro se response.[2] The United States declined to submit a brief.

Thomas raises three arguments and, in his *Anders* brief, counsel raises and dismisses two additional arguments. We will address each argument in turn. But after a full review of the record, the *Anders* brief, and Thomas's response, we believe the issues raised by counsel and Thomas are frivolous. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

First, Thomas argues he received no notice of his resentencing hearing. Without notice, he claims, he cannot be penalized with upward adjustments at resentencing. We disagree.

As Thomas presents this argument for the first time on appeal, we review for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993). Under plain-error review, we may correct a plain error that affects substantial rights if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 732.

All inferences from the record show that Thomas knew full well that he was supposed to report for a resentencing hearing. Instead, he chose to flee the jurisdiction. For example: (1) the district court docket contains a "Notice of Hearing" for Thomas's resentencing;[3] (2) Thomas's sentencing memorandum states that he failed to appear

---

[2] We liberally construe pro se filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).
[3] If Thomas is attempting to argue that he received ineffective assistance of counsel because his lawyer never told him of the hearing, the proper avenue is not this

because he feared returning to prison and he felt that he had paid his debt to society; and (3) Thomas never mentioned any notice defect when he addressed the court at resentencing. The record contains no indication that Thomas lacked notice of the resentencing hearing. To the contrary, the record reflects that Thomas knew of the hearing and willfully fled the jurisdiction to avoid returning to prison. There was no error, and this argument is frivolous.

Second, Thomas argues that his resentencing violated the Double Jeopardy Clause of the Fifth Amendment. We disagree.

Once again, Thomas did not raise a double jeopardy challenge below, so we review for plain error. *See United States v. Graham*, 305 F.3d 1094, 1100 (10th Cir. 2002) (reviewing a multiple-punishment argument that was not raised at the district court for plain error). Without violating double jeopardy, a defendant may be resentenced if his original sentence has not become final. *United States v. DiFrancesco*, 449 U.S. 117, 139 (1980); *United States v. Smith*, 929 F.2d 1453, 1457 (10th Cir. 1991). Finality attaches to a sentence once the defendant passes from the judiciary's jurisdiction to executive custody. *Smith*, 929 F.2d at 1457. A defendant remains within the judiciary's jurisdiction when a statute authorizes the prosecution to appeal the original sentence. *Id.* Only once the appeal fails or the time to appeal expires, may a defendant have a "legitimate expectation in the finality of his original sentence." *Id.*

_____

direct appeal. *United States v. Trestyn*, 646 F.3d 732, 740 (10th Cir. 2011) ("But it is well established that ineffective assistance of counsel claims should generally be brought in collateral proceedings, not on direct appeal."). Therefore, we decline to consider that possibility.

Here, 18 U.S.C. § 3742(b) authorized the United States to appeal. The district court entered the original judgment on December 22, 2009, and the United States timely filed a notice of appeal on January 19, 2010. *See* Fed. R. App. P. 4(b)(1)(B) (allowing thirty days for appeal). Accordingly, no double jeopardy violation occurred because the sentence was not final.

Third, Thomas argues that he should not have been sentenced as an armed career criminal under 18 U.S.C. § 924(e) or as a career offender under U.S.S.G §4B1.1. In fact, he was sentenced as neither. Instead, his base offense level was simply increased under U.S.S.G. §2K2.1(a)(2) for his two previous felony convictions for crimes of violence. This claim fails.

A previous panel of this court determined that two of Thomas's prior convictions qualified as crimes of violence. *Thomas*, 643 F.3d at 806. This holding is law of the case, and we have no reason to disturb it. *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995) ("Thus, when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in an subsequent appeal."). The district court properly enhanced Thomas's sentence under U.S.S.G. §2K2.1(a)(1). This argument is frivolous.

Fourth, counsel raises and dismisses a potential challenge to the guidelines adjustments at resentencing. We review the district court's application of the sentencing guidelines de novo. *United States v. Wolfe*, 435 F.3d 1289, 1295 (10th Cir. 2006). Failing to appear for sentencing qualifies as an obstruction of justice. U.S.S.G. §3C1.1 & cmt.

4(E). If the defendant's conduct qualifies under §3C1.1, then there is generally no acceptance of responsibility. §3E1.1 & cmt. 4. Since Thomas failed to appear, the district court correctly increased his offense level and removed his credit for accepting responsibility. This argument fails.

Fifth and finally, counsel raises and dismisses a potential challenge to the procedural and substantive reasonableness of the sentence. We review a sentence's reasonableness for an abuse of discretion. *United States v. Peugh*, 133 S. Ct. 2072, 2080 (2013). Reasonableness review has two components: procedural and substantive review. *See United States v. Lente*, 647 F.3d 1021, 1030 (10th Cir. 2011) (explaining that procedural review ensures the correct application of the guidelines and substantive review addresses the sentence's reasonableness against the 18 U.S.C. § 3553(a) factors). We find that the district court correctly calculated the sentence and the sentence's length is reasonable in light of the § 3553(a) factors. This argument fails.

As the arguments presented by counsel and Thomas are frivolous, we dismiss this appeal and grant counsel's motion to withdraw.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge