**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TRENTON HOLLIS PORTER,

    Defendant - Appellant.

No. 15-1206
(D.C. No. 1:14-CR-00187-REB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **GORSUCH**, and **MORITZ**, Circuit Judges.
_____

Trenton Hollis Porter pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the district court imposed a within-Guidelines sentence of 96 months' imprisonment. We reject Porter's challenge to the district court's application of the two-level sentencing enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight. But because the district court plainly erred in treating Porter's prior Colorado conviction for second-degree assault as a crime of violence for purposes of determining his base offense level under U.S.S.G. § 2K2.1(a), we remand with directions to vacate Porter's sentence and resentence him.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Porter first argues the undisputed facts don't support a U.S.S.G. § 3C1.2 enhancement. That provision permits a two-level enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. "Reckless" is defined as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. § 2A1.4 cmt. n.1; *see id.* § 3C1.2 cmt. n.2. And notably, "the standard of care envisioned by the Guidelines is that of the reasonable person, not the reasonable fleeing criminal suspect." *United States v. Conley*, 131 F.3d 1387, 1389 (10th Cir. 1997).

Relying on a general statement from *Conley*, Porter argues the undisputed facts don't demonstrate reckless conduct warranting application of the sentencing enhancement here.[1] In *Conley*, we recognized the possibility of "situations in which a defendant might flee from law enforcement officers in a manner that does not recklessly endanger others." *Id.* at 1390. But this is not one of those situations.

---

[1] The parties disagree on the standard of review. Porter urges us to review this issue de novo because, according to Porter, the undisputed facts are insufficient as a matter of law to support the enhancement. *See United States v. Hamilton*, 587 F.3d 1199, 1222 (10th Cir. 2009) (suggesting de novo review is appropriate when defendant asserts undisputed facts don't support enhancement) The government urges us to review for clear error. *See United States v. Brown*, 314 F.3d 1216, 1221 (10th Cir. 2003) (reviewing for clear error the district court's "determination that [defendant's] flight constituted reckless endangerment"). But we need not definitively resolve which standard of review applies in this context because Porter's argument fails under either standard.

Here, while investigating a report of "shots fired," a Colorado Springs police officer attempted to stop a white Mustang matching the description of the vehicle allegedly involved in the shooting. R. vol. 1, 18. The Mustang's driver, Porter, refused to stop and led the officer on a short pursuit, committing several traffic violations and ultimately crashing into a residential garage. When the officer arrived at the crash site, Porter got out of the Mustang and ran away. The officer, still in his patrol car, continued to pursue Porter and watched as Porter dropped a pistol on the ground and attempted to jump over a fence. The officer stopped his car and ordered Porter to stop, but Porter refused. The officer eventually subdued Porter, arrested him, and recovered the discarded pistol—a fully-loaded, Glock 40-caliber semiautomatic pistol with a live chambered round.

Porter argues these undisputed facts are insufficient, as a matter of law, to support the enhancement because the facts don't identify the speeds at which he drove, the specific traffic violations he committed, or any bystanders he actually placed in harm's way. But Porter cites no authority supporting his argument that a person who flees in a vehicle to evade a law enforcement officer, drives at unspecified speeds, commits several traffic violations, crashes into a residential garage, and drops a fully-loaded semiautomatic pistol on the ground as he continues to flee on foot hasn't grossly deviated from the standard of care that a reasonable person, rather than a reasonable fleeing criminal suspect, would exercise in the same situation.

In fact, persuasive authority suggests otherwise. *See, e.g.*, *United States v. Tasaki*, 510 F. App'x 441, 442, 443-45 (6th Cir. 2013) (unpublished) (affirming § 3C1.2 enhancement when defendant led officers on short car chase, jumped out of car, continued to flee on foot, retrieved a loaded firearm from his pocket, and threw the firearm and an empty magazine on ground; rejecting defendant's argument that enhancement wasn't warranted because evidence didn't show he pointed gun at police or that other persons were in residential area where he dropped firearm); *United States v. Gaylord*, 61 F. App'x 623, 624-25 (10th Cir. 2003) (unpublished) (affirming § 3C1.2 enhancement when defendant caused no injuries but evidence demonstrated defendant's flight put other drivers at risk and ended when defendant hit loose gravel and flipped his own car); *United States v. Jefferson*, 58 F. App'x 8, 10 (4th Cir. 2003) (unpublished) (affirming § 3C1.2 enhancement when defendant fled on foot from officers and dropped loaded pistol; reasoning that risk of accidental discharge occurred when defendant dropped pistol, creating substantial risk of injury to pursing officers).

Because the undisputed facts demonstrate the recklessness of Porter's flight, we affirm the district court's application of the reckless-endangerment enhancement.

Next, Porter argues the district court plainly erred by treating his prior Colorado conviction for second-degree assault, under Colo. Rev. Stat. § 18-3-203(1)(e), as a crime of violence for purposes of determining his base offense level under U.S.S.G. § 2K2.1(a)(2). That provision calls for a base-offense level of 24 if the defendant has at least two prior felony convictions for a "crime of violence" as

4

defined in U.S.S.G. § 4B1.2(a). *See* U.S.S.G. § 2K2.1 cmt. n.1 (incorporating "crime of violence" definition from § 4B1.2(a)); *see also United States v. Hanns*, 464 F. App'x 769 (10th Cir. 2012) (unpublished) (recognizing that second-degree assault, as defined by Colo. Rev. Stat. § 18-3-203(1)(e), qualifies as a crime of violence under § 4B1.2(a)(2)'s "residual clause").

Although Porter didn't object at sentencing to the district court's classification of his prior assault conviction as a crime of violence, both parties agree that the classification amounts to plain error under *Johnson v. United States*, 135 S. Ct. 2551, 2558 (2015). *See United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015) (applying plain-error test in same circumstances). In *Johnson*, decided after Porter's sentencing, the Supreme Court held that the "residual clause" defining "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. And, in light of *Johnson*, we held in *Madrid* that § 4B1.2(a)(2)'s virtually identical "residual clause" defining "crime of violence" is also unconstitutionally vague. 805 F.3d at 1211-12.

Thus, we remand to the district court with instructions to vacate Porter's sentence and resentence him without treating Porter's prior second-degree assault conviction as a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(2).[2]

Entered for the Court


Nancy L. Moritz
Circuit Judge

---

[2] Because we are remanding for resentencing, we agree with the parties that we need not address Porter's challenge to the special conditions of supervised release.

5