FILED
United States Court of Appeals
Tenth Circuit

March 30, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRENTON HOLLIS PORTER,

Defendant - Appellant.

No. 16-1289
(D.C. No. 1:14-CR-00187-REB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]

Defendant-Appellant Trenton Porter appeals from the district court's

resentencing pursuant to our remand in United States v. Porter, 643 F. App'x 758

(10th Cir. Mar. 29, 2016) (unpublished).  He challenges the application of a base

offense level of 20 (instead of 14) pursuant to U.S.S.G. §§ 2K2.1(a)(4) and

4B1.2(a)(1).  Our jurisdiction arises under 18 U.S.C. § 3742(a) and 28 U.S.C.

_____

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

§ 1291, and we affirm.

Mr. Porter pled guilty to possessing a firearm as a previously-convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At resentencing, the district court, over Mr. Porter's objection, concluded that robbery under Colorado law (Colo. Rev. Stat. § 18-4-301(1)) was a crime of violence under § 4B1.2(a)(1). The court imposed a sentence accordingly.

We held in United States v. Harris that robbery under § 18-4-301(1) is a violent felony under the elements clause of the Armed Career Criminal Act (ACCA). 844 F.3d 1260, 1270–71 (10th Cir. 2017). Relying on Harris, we applied the same reasoning to Colorado robbery in the context of § 4B1.2(a)(1), whose elements clause mirrors that of the ACCA. United States v. Crump, No. 15-1497, 2017 WL 33530 (10th Cir. Jan. 4, 2017) (unpublished).

Mr. Porter seeks to preserve the issue and argues for several reasons that Harris was wrongly decided. We cannot overrule Harris absent en banc reconsideration or a superseding contrary decision by the Supreme Court. In re Smith, 10 F.3d 723, 724 (10th Cir. 1993). Because neither circumstance applies, we AFFIRM.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 2 -