FILED
United States Court of Appeals
Tenth Circuit

May 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JASON C. McCONNELL,

      Defendant-Appellant.

No. 09-3036

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS
(D.C. No. 2:07-CR-20029-001-JWL-1)**

---

Melody Evans, Assistant Federal Public Defender (Cyd Gilman, Federal Public Defender, with her on the brief), Topeka, Kansas, for Defendant-Appellant.

James A. Brown, Assistant United States Attorney (Lanny D. Welch, United States Attorney, with him on the brief), Topeka, Kansas, for Plaintiff-Appellee.

Before **HENRY**, **ANDERSON** and **TYMKOVICH**, Circuit Judges.

---

**HENRY**, Circuit Judge.

---

Jason McConnell pleaded guilty to one count of possessing a firearm after conviction of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In calculating the advisory range of sentences under the United States Sentencing Guidelines (USSG), the district court determined that Mr. McConnell's prior Kansas conviction for fleeing and eluding a law enforcement officer under Kan. Stat. Ann. § 8-1568 constituted a "crime of violence" under USSG § 4B1.2. The court granted Mr. McConnell a downward variance from the advisory Guidelines range and imposed a sentence of 48 months' imprisonment.

Mr. McConnell now argues that the district court erred in characterizing his Kansas fleeing and eluding conviction as a "crime of violence." Although he concedes that in *United States v. West*, 550 F.3d 952 (10th Cir. 2008), this court upheld that characterization of a similar Utah offense, he maintains that the Supreme Court's subsequent decision in *Chambers v. United States*, 129 S. Ct. 687 (2009), has overruled the principal holding of *West*. We are not persuaded, and we therefore affirm Mr. McConnell's sentence.

## I. BACKGROUND

In March 2007, a grand jury indicted Mr. McConnell on one count of possessing a firearm after conviction of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In June 2008, Mr. McConnell pleaded guilty to this charge without a plea agreement.

The presentence report applied USSG § 2K2.1(a)(4)(A), which provides for a base offense level of 20 "if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."  The report concluded that Mr. McConnell's prior conviction under Kan. Stat. Ann. § 8-1568 for fleeing or eluding a police officer constituted a "crime of violence."  It then recommended a two-point increase in the offense level because the firearm that Mr. McConnell possessed was stolen, *see* USSG § 2K2.1(b)(4), and subtracted three levels for acceptance of responsibility, *see* USSG § 3E1.1(a).  These calculations yielded an adjusted offense level of 19.  With a criminal history category of VI, Mr. McConnell's advisory Guidelines range was 63 to 78 months.

Mr. McConnell objected to the presentence report's determination that his Kansas state conviction for eluding a law enforcement officer was a "crime of violence" under § 2K2.1(a)(4)(A).  Invoking *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers*, 129 S. Ct. 687, he argued that the Kansas conviction did not present a serious potential risk of physical injury to another.  In his view, the presentence report should have applied a base offense level of 14, resulting in an advisory Guidelines range of 33 to 41 months.  He requested a sentence of 33 months' imprisonment.

At the sentencing hearing, the district court overruled Mr. McConnell's objection, relying on this circuit's decision in *West*, 550 F.3d 952.  The court

explained that "the *West* case is very much on point with ours in terms of the particular statute under Utah law, so it really couldn't have more application." Rec. vol. 3, at 29 (Tr. of Jan 26, 2009 Sent'g Hr'g). The court rejected Mr. McConnell's argument that the Supreme Court's decision in *Chambers* overruled *West. Id.* at 29-30.

The district court then imposed a sentence of 48 months' imprisonment, reflecting a downward variance from the advisory Guidelines range. *Id.* at 31-35. In support of the variance, it reasoned that "[Mr. McConnell's] Criminal History Category VI and the consequences of assessing the eluding crime as a crime of violence, in fact, do overstate both the danger to the community that Mr. McConnell presents and his likelihood to reoffend." *Id.* at 33.

## II. DISCUSSION

Mr. McConnell now argues that the district court erred in characterizing his prior Kansas state conviction for eluding a law enforcement officer as a "crime of violence" under USSG § 2K2.1(a)(4)(A). He maintains that the statute at issue, Kan. Stat. Ann. § 8-1568, does not require proof of "any violent elements," and that "[t]here are numerous ways to violate this statute without posing a significant risk of physical harm." Aplt's Br. at 9 (internal quotation marks omitted). Mr. McConnell observes that, even though he was charged with being involved in a motor vehicle accident or intentionally causing damage to property while

-4-

attempting to elude a pursuing police vehicle, "[u]nder this charge, [he] could have accidently, recklessly damaged his own vehicle when he did not respond to police signals to stop."  Aplt's Br. at 10-11.  In his view, the offense conduct was not intentional or purposeful.  *Id.* at 11.

Whether a prior conviction qualifies as a "crime of violence" under the Guidelines is a legal question that we examine de novo.  *United States v. Charles*, 576 F.3d 1060, 1066 (10th Cir. 2009).  In interpreting the Guidelines, "we look at the language in the guideline itself, as well as at the interpretative and explanatory commentary to the guideline provided by the Sentencing Commission."  *Id.* (internal quotation marks omitted).  "Commentary to the Guidelines 'is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'"  *Id.* (quoting *United States v. Torres-Ruiz*, 387 F.3d 1179, 1181 (10th Cir. 2004)).

**A.  USSG § 2K2.1(a)(4)(A) adopts the definition of a "crime of violence" set forth in USSG §4B1.2(a).**

Section 2K2.1(a)(4) establishes a base offense level of 20 if the defendant has formally been convicted of a "crime of violence."  The commentary to that provision explains that "[c]rime of violence" has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."  USSG § 2K2.1 cmt. n.1.

In turn, the phrase "crime of violence" is defined in USSG § 4B1.2(a) as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The accompanying commentary adds that

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

*Id.* cmt. n.1.

Here, the parties agree that Mr. McConnell's prior fleeing-and-eluding conviction in a Kansas court does not have as an element "the use, attempted use, or threatened use of physical force against the person of another" under § 4B1.2(a)(1) and is not one of the specifically listed offenses under § 4B1.2(a)(2)

or the accompanying commentary. Thus, the dispute concerns whether Mr.

McConnell's Kansas conviction "otherwise involves conduct that presents a

serious potential risk of physical injury to another" and is therefore a "crime of

violence." *See* USSG § 4B1.2(a)(2).

**B. In determining whether Mr. McConnell's Kan. Stat. Ann. § 8-1568 fleeing-and-eluding conviction constitutes a "crime of violence" under USSG § 4B1.2(a)(2), this court applies a modified categorical approach.**

In determining whether a conviction qualifies as a "crime of violence" under

§ 4B1.2, "we apply a categorical approach that looks to the words of the statute

and judicial interpretations of it, rather than to the conduct of any particular

defendant convicted of that crime." *United States v. Wise*, 597 F.3d 1141, 1144

(10th Cir. 2010). "[I]f the statute encompasses both conduct that would qualify as

a crime of violence and conduct that would not, we employ a modified categorical

approach." *Id.* We examine "the statutory elements, the defendant's charging

documents, plea agreement and colloquy (if any), and the uncontested facts found

by the district judge to determine whether the particular defendant's conduct

violated the portion of the statute that is a crime of violence." *Id.*; *see also*

*Charles*, 576 F.3d at 1067-69 (applying the modified categorical approach and

remanding for further findings). This approach does not involve a subjective

inquiry into the facts of the case; instead, we seek to determine "which part of the

statute was charged against the defendant and, thus, which portion of the statute to

examine on its face." *United States v. Sanchez-Garcia*, 501 F.3d 1208, 1211 (10th Cir. 2007) (internal quotation marks and citation omitted).

Here, as noted above, Mr. McConnell was convicted of violating Kan. Stat. Ann. § 8-1568, which provides, in part, that:

> (a)     (1) Any driver of a motor vehicle who *willfully fails or refuses to bring such driver's vehicle to a stop for a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle* to a stop, shall be guilty as provided by subsection (c)(1), (2) or (3).
>
> (2) Any driver of a motor vehicle who *willfully otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop*, shall be guilty as provided by subsection (c)(1), (2) or (3).
>
> . . . .
>
> (b) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, and who:
>
> (1) Commits any of the following during a police pursuit: (A) Fails to stop for a police road block; (B) drives around tire deflating devices placed by a police officer; (C) engages in reckless driving as defined by K.S.A. 8-1566 and amendments thereto; (D) *is involved in any motor vehicle accident or intentionally causes damage to property*; or (E) commits five or more moving violations; or
>
> (2) is attempting to elude capture for the commission of any felony, shall be guilty as provided in subsection (c)(4).

(c)    (1) Violation of subsection (a), upon a first conviction is a class B nonperson misdemeanor.

(2) Violation of subsection (a), upon a second conviction is a class A nonperson misdemeanor.

(3) Violation of subsection (a), upon a third or subsequent conviction is a severity level 9, person felony.

(4) Violation of subsection (b) is a severity level 9, person felony.

. . . .

(emphasis added).

Because the statute contains multiple subsections describing conduct presenting arguably different "potential risk[s] of physical injury to another," *see* USSG § 4B1.2, we employ the modified categorical approach to determine "which part of the statute was charged against [Mr. McConnell]." *Sanchez-Garcia*, 501 F.3d at 1211 (internal quotation marks and citation omitted). We note that the the state court information alleged that:

> [O]n or about August 6th, 2003, defendant[] Jason McConnell did unlawfully and willfully fail or refuse, while operating a motor vehicle, to bring the vehicle to a stop, or did otherwise flee or attempt to elude a pursuing police vehicle, having been given visual or audible signals to do so by a uniformed police officer, and in the course of such police pursuit was involved in a motor vehicle accident or did intentionally cause damage to property in violation of K.S.A. 8-1568 (Eluding a Police Officer, Severity Level 9, Person Felony).

Aplt's Supp. Rec., vol. 1, at 1 (Information, filed Oct, 7, 2003). We must therefore determine whether those admitted allegations "otherwise involve[d] conduct that

presents a serious potential risk of physical injury to another" under USSG § 4B1.2(a)(2).

**C. Under our precedent, Mr. McConnell's Kan. Stat. Ann. § 8-1568 conviction for fleeing and eluding a police officer is a "crime of violence" under USSG §§ 2K2.1(a)(4) and 4B1.2(a)(2).**

To determine whether Mr. McConnell's § 8-1568 fleeing-and-eluding conviction constitutes a "crime of violence," we engage in a two-part inquiry. First, we consider "whether the offense 'presents a serious potential risk of physical injury to another,' as required by the text of § 4B1.2." *Wise*, 597 F.3d at 1144 (quoting USSG § 4B1.2(a)(2)). Second, "we must determine whether the offense is 'roughly similar, in kind as well as degree of risk posed,' to the enumerated crimes in § 4B1.2(a)(2), namely, burglary, arson, extortion, or crimes involving explosives." *Id.* (quoting *Begay*, 128 S. Ct. at 1585). A crime is "'roughly similar'" to the crimes listed in § 4B1.2(a)(2) if it "'typically involve[s] purposeful, violent, and aggressive conduct.'" *Id.* (quoting *Begay*, 128 S. Ct. at 1586) (alteration in *Wise*).

This two-part inquiry is derived from the Supreme Court's decision in *Begay*. There, the Court held that a state conviction for driving under the influence of alcohol (DUI) was not a "violent felony" under the Armed Career Criminal Act provision that defines that term in a manner nearly identical to the

Guideline definition of "crime of violence" at issue here. *See* 18 U.S.C. § 924(e)(2)(B).[1]

The Supreme Court "assume[d] the lower courts were right in concluding that DUI involves conduct that 'presents a serious potential risk of physical injury to another,'" 553 U.S. at 141 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)), but it concluded that the offense was nevertheless not a "violent felony" because "the provision's listed examples . . . illustrate the kinds of crimes that fall within the statute's scope," and "[t]heir presence indicates that the statute covers only *similar* crimes, rather than every crime that 'presents a serious potential risk of physical injury to another' " *Id.* at 142 (quoting § 924(e)(2)(B)(ii)) (emphasis in *Begay*).

---

[1]  Under the ACCA:

> [T]he term "violent felony" means any crime punishable by imprisonment or a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>      (i) has as an element the use, attempted use, or threatened use of physical force against the person of   another; or
>      (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious  potential risk of physical injury  to another.

18 U.S.C. § 924(e)(2)(B).

Thus, the only difference between § 924(e)(2)(B)(ii)'s residual definition of a violent felony and USSG § 4B1.2(a)'s corresponding definition is that the latter lists "burglary of a dwelling" rather than "burglary" as an example of an offense that "presents a serious  potential risk of physical injury to another."

-11-

In the Court's view, to constitute a "violent felony" under the ACCA's definition, the offense must be "roughly similar, in kind as well as in degree of risk posed, to the [statutory] examples themselves." *Id.* at 143. "DUI differs from the example crimes–burglary, arson, extortion, and crimes involving the use of explosives–in at least one pertinent, and important, respect. The listed crimes all typically involve purposeful, violent, and aggressive conduct." *Id.* (internal quotation marks and citation omitted). In contrast, the DUI statute did not require purposeful, violent, and aggressive conduct to sustain a conviction.

As Mr. McConnell acknowledges, we have applied this two-part inquiry from *Begay* to a statute that resembles the one at issue here. In *United States v. West*, 550 F.3d 952 (10th Cir. 2008), we held that a Utah conviction for failing to stop at a police officer's command was a "violent felony" under the ACCA and § 924(e)(2)(B)(ii)'s residual clause. 550 F.3d at 960. The Utah statute provided that

> An operator who receives a visual or audible signal from a peace officer to bring the vehicle to a stop may not:
>
> (i) operate the vehicle in willful or wanton disregard of the signal so as to interfere with or endanger the operation of any vehicle or person; or
>
> (ii) attempt to flee or elude a peace officer by vehicle or other means.

550 F.3d at 960-61 (quoting Utah Code § 41-6a-210(1)(a)).

-12-

We first concluded that "prior convictions for eluding and evading police, at least when they involve a vehicle, should . . . categorically be deemed to present a serious potential risk of physical injury to another." 550 F.3d at 964. In support of this conclusion, we cited cases that drew analogies between convictions for eluding police and convictions for escaping from police custody. We invoked a Tenth Circuit decision holding that "under the ACCA and the United States Sentencing Guidelines, escape is always a violent crime." *Id.* at 963 (quoting *United States v. Springfield*, 196 F.3d 1180, 1185 (10th Cir. 1999), *overruling recognized by United States v. Shipp*, 589 F.3d 1084, 1090 n.3 (10th Cir. 2009)). We further noted that the driver's evading or eluding police officers will generally involve a deliberate choice to disobey the officer's signal. "'This disobedience poses the threat of a direct confrontation between the police officer and the occupants of the vehicle, which, in turn, creates a potential for serious physical injury to the officer, other occupants of the vehicle, and even bystanders.'" *Id.* at 964 (quoting *United States v. James*, 337 F.3d 387, 391 (10th Cir. 2008)).

We then concluded that a conviction under the Utah statute would, in the ordinary case, involve violent, aggressive and purposeful conduct. "Like burglary, and even more like escape, the offense of failing to stop at the command of a police officer will typically lead to a confrontation with the officer being disobeyed." *Id.* at 970. The offense conduct is also "likely to lead, in the ordinary

case, to a chase or at least to an effort by police to apprehend the perpetrator." *Id.* Moreover, "[w]illfully disregarding an officer's signal is purposeful conduct under the ACCA." *Id.* at 971.

Importantly, we expressly stated that our characterization of the Utah offense was *not* dependent on circuit precedent that "'under the ACCA and the United States Sentencing Guidelines, escape is always a violent felony.'" *Id.* at 963 (quoting *Springfield*, 196 F.3d at 1185). We noted that the Supreme Court had granted certiorari in *Chambers* to decide whether an escape conviction was a violent felony under the ACCA but explained that "[e]ven if the Supreme Court concludes that an escape conviction does not categorically present a serious potential risk of physical injury to another, we would conclude that a Utah conviction for failing to obey an officer's command would categorically present a serious potential risk of physical injury to another." *Id.* at 963 n.9. *Chambers*'s treatment of escape convictions would not apply to a fleeing-and-eluding conviction because "[s]uch a conviction under Utah law will always involve the use of a motor vehicle. It will always involve an overt, rather than covert, disobedience of an officer's command and will occur directly in the officer's presence. And it will likely occur in the presence of innocent and unsuspecting bystanders." *Id.*

Mr. McConnell's contention that his Kansas fleeing and eluding conviction is not a "crime of violence" under USSG § 4B1.2(a) is contravened by our holding in *West*. Although *West* involved the ACCA's characterization of a prior offense as a "violent felony," while this case involves the Guidelines' definition of a "crime of violence," the nearly identical language in those two provisions allows us to consider precedent involving one in construing the other. *See West*, 550 F.3d at 960 n.5. Moreover, the Utah statute at issue in *West* and the Kansas statute defining Mr. McConnell's prior offense both involve the disregard of an officer's signal or the attempt to flee or elude an officer. *Compare West*, 550 F.3d at 961 (quoting Utah Code § 41-6a-210(1)(a)) *with* Kan. Stat. Ann. § 8-1568(b). Mr. McConnell's conviction also included an additional component indicating further risk of serious physical injury–he was "involved in any motor vehicle accident or intentionally cause[d] damage to property." *See* Kan. Stat. Ann. § 8-1568(b)(1)(D). Thus, *West*'s observations about the potential risk of physical injury resulting from the commission of the Utah offense and *West*'s conclusion that a conviction under the Utah statute will ordinarily involve violent, aggressive, and purposeful conduct are equally applicable here.

In his appellate brief, Mr. McConnell does not suggest otherwise. Instead, he contends, the Supreme Court's subsequent decision in *Chambers* overruled *West's* holding that a conviction under the Utah statute regarding failure to stop or

-15-

fleeing or eluding a peace officer, Utah Code § 41-6a-210(1)(a), constituted a "crime of violence" under the ACCA.

In *Chambers*, the Court considered an Illinois conviction for failing to report to a penal institution. It held that failure to report is not a "violent felony" under the ACCA, 18 U.S.C. § 924(e)(1), because "it does not involve conduct that presents a serious potential risk of physical injury to another." 129 S. Ct. at 691 (internal quotation marks and citation omitted). In reaching that conclusion, *Chambers* implicitly overruled precedents in many circuits, including the Tenth, that all escape crimes are necessarily "violent felonies" and "crimes of violence" under the ACCA and the Guidelines. As we have noted, *West* cited this overruled line of cases. *See* 550 F.3d at 963-64; *see also United States v. Shipp*, 589 F.3d 1084, 1090 n.3 (10th Cir. 2009) (recognizing that *Chambers* "requires us to disregard our prior precedent [including *West*] characterizing escape as a per se 'violent felony' under the ACCA").

Although *Chambers* does overturn *West*'s observation that "under the ACCA and the . . . Sentencing Guidelines, escape is always a violent felony," *West* 550 F.3d at 963 (quoting *Springfield*, 196 F.3d at 1185), *West*'s characterization of fleeing and eluding convictions remains good law. In fact, our recent decision in *Wise* reaches that very conclusion.

In *Wise*, we noted several important distinctions between the failure-to-report conviction in *Chambers* and the failure-to-stop conviction at issue in *West*.

-16-

First, a failure-to-report offense involves "a form of inaction," while the Utah statute at issue in *West* requires deliberate action–either (a) willfully or wantonly disregarding a police officer's signal or (b) attempting to flee or elude a police officer. *Wise*, 597 F.3d at 1146 (internal quotation marks omitted). Second, in contrast to the failure to report, the conduct addressed by the Utah statute occurs in the presence of a police officer. Third, a violation of the Utah statute is "far more likely to endanger third parties." *Id.* Fourth, in contrast to the statute at issue in *Chambers*, the requirement that a violation of the Utah statute occur in the presence of a police officer poses the threat of a confrontation, which in turn creates a potential for serious injury. *Id.* at 1147. Thus, "the Supreme Court's holding [in *Chambers*] that failure-to-report escape crimes are not crimes of violence does not undermine this court's conclusion in *West* that a violation of the Utah failure-to-stop statute is a crime of violence." *Id.*

*West* and *Wise* are controlling. Those decisions establish that the district court properly concluded that Mr. McConnell's conviction under Kan. Stat. Ann. § 8-1568 is a "crime of violence" under USSG §§ 2K2.1(a)(4)(A) and 4B1.2(a). Additionally, as we observed in *West*, although there is a split of authority, the decisions of a majority of other circuits that have considered the issue since *Chambers* are in accord. *See United States v. Dismuke*, 593 F.3d 582, 596 (7th Cir. 2010) (concluding that (1) "Wisconsin's vehicular-fleeing crime satisfies *Begay*'s 'violent and aggressive' requirement[;]" (2) "[the defendant's] fleeing

conviction was therefore properly classified as a violent felony for purposes of the ACCA[;]" and that (3) even though "the Eighth and the Eleventh Circuits have reached the opposite conclusion, we think our colleagues in the Fifth, Sixth, and Tenth Circuits have the better of the argument") (citations omitted); *United States v. Richardson*, 581 F.3d 824, 825 (8th Cir. 2009) (per curiam) (holding that a conviction under Kan. Stat. Ann. § 8-1568 (b)(1)(D) categorically involves a serious risk of physical injury in the ordinary case and is thus a "crime of violence" under USSG § 4B1.2(a)(2)); *United States v. Young*, 580 F.3d 373, 381 (6th Cir. 2009) (holding that a conviction under Michigan's fleeing-and-eluding statute is a violent felony under the ACCA); *United States v. Harrimon*, 568 F.3d 531, 537 (5th Cir.) (holding that a Texas conviction for fleeing by vehicle is a violent felony under the ACCA), *cert. denied*, 130 S. Ct. 1015 (2009). *But see United States v. Tyler*, 580 F.3d 722, 725 (8th Cir. 2009) (holding that fleeing a peace officer in a vehicle under Minnesota law is not a crime of violence under the Guidelines and observing that the statute at issue criminalized behavior that is "neither violent nor aggressive, such as merely "extinguishing motor vehicle headlights or taillights") (alteration, internal quotation marks and citation omitted); *United States v. Harrison*, 558 F.3d 1280, 1294, 1301 (11th Cir. 2009) (holding that willful fleeing under Florida law is not a violent felony under the ACCA and "reject[ing] the notion that all willful fleeing crimes should be treated

equally, especially where the Florida statute differentiates between types of willful fleeing").

### III. CONCLUSION

Because the district court properly concluded that Mr. McConnell's prior conviction for violating Kan. Stat. Ann. § 8-1568 by fleeing or eluding a police officer constituted a "crime of violence" under USSG §§ 2K2.1(a)(4)(A) and 4B1.2(a), we AFFIRM his sentence.  Appellant's motion to supplement the record on appeal is GRANTED.