**UNITED STATES COURT OF APPEALS**

**February 9, 2012**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff – Appellee, | |
| v. | No. 11-3055 |
| | (D.C. No. 2:07-CR-20057-CM-1) |
| DEMARIO A. EATMAN, | (D. Kan.) |
| Defendant – Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Demario Eatman pled guilty without a plea agreement to a single count of

possession of a firearm by a prohibited person under 18 U.S.C. § 922(g)(1). Although

Eatman's crime would have ordinarily made him eligible for a sentence of "168 to 210

months" imprisonment, the district court found Eatman to be an armed career

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

criminal under 18 U.S.C. § 924(e)(1), who was required to be sentenced no less than 15 years imprisonment. (Appellant's App'x 43.) The court sentenced him to 15 years followed by a four-year term of supervised release. He timely appealed through counsel. Counsel later filed a motion to withdraw, accompanied by an *Anders* brief. We grant the motion and dismiss the appeal.

## I. BACKGROUND

Prior to sentencing, Eatman objected to the presentence investigation report. It characterized three of his prior convictions as violent felonies under the Armed Career Criminal Act (ACCA),[1] which "support[ed] defendant's classification as an armed career criminal." (Appellant's App'x 38.) He did not object to the district court counting his burglary conviction, but argued one of his two convictions for resisting arrest was not a violent felony. Relying on this Court's decisions in *United States v. McConnell*, 605 F.3d 822, 829-30 (10th Cir.), *cert. denied*, 131 S. Ct. 3021 (2011) and *United States v. West*, 550 F.3d 952 (10th Cir. 2008), the court overruled his objection and found his prior felony convictions qualified as violent felonies.

The district court observed, however, the issue of whether convictions for resisting arrest qualified as violent felonies under the ACCA was "presently before the United States Supreme Court." (Appellant's App'x 40.) Indeed, the Supreme Court had granted a writ of certiorari in *United States v. Sykes*,[2] which questioned whether a conviction for

---

[1] *See* 18 U.S.C. § 924(e)(2)(B); *see generally United States v. Koufos*, Nos. 10-2195, 10-2199, 10-2200, 2011 WL 6778133, at *5-6, *6 n.9 (10th Cir. Dec. 27, 2011).

[2] 598 F.3d 334 (7th Cir. 2010), *cert. granted*, 131 S. Ct. 63 (2010), *aff'd*, 131 S.

- 2 -

resisting arrest via vehicular flight qualified as a violent felony under the ACCA. On appeal, we granted Eatman's motion to delay briefing until the Supreme Court reached a decision. After the Supreme Court issued its opinion, defendant's counsel filed a status report advising us that under *Sykes*, the continuation of the appeal would be frivolous. We construed counsel's status report as a motion to voluntarily dismiss the appeal and denied the motion because it lacked a "statement, signed by the appellant, demonstrating knowledge of the right to appeal and expressly electing to withdraw the appeal" as 10th Cir. R. 46.3(B) requires.

Finding no non-frivolous issues for appeal, Eatman's counsel (who served him both in the district court and on appeal) then submitted an *Anders* brief and a motion for leave to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Eatman filed a response which outlined several rationales in support of his appeal, as well as a motion for the appointment of new counsel.

## II. DISCUSSION

Under *Anders*, "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. With his motion to withdraw, counsel must submit "a brief referring to anything in the record that might arguably support the appeal." *Id.* The defendant must have the opportunity to review counsel's brief and "raise any points that he chooses" to the court. *Id.* The court must then conduct a full examination of the record to determine "whether the case is wholly frivolous." *Id.* If the court concludes the

Ct. 2267 (2011).

- 3 -

case is frivolous, it may grant counsel's motion to withdraw and dismiss the appeal. *Id.*; *see also United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (discussing *Anders* procedure).

A. Issues Raised in Eatman's Response

Any appeal based on the issues Eatman raised in his response to counsel's *Anders* brief would be wholly frivolous. He listed three rationales in support of his appeal: (1) his "lawyer did not raise issues in court that would have [a]ffected [his] sentence"; (2) "there was a conflict of interest because [his attorney] represented a person that cooperated with the government that gave a statement on [him]"; and (3) he had "found new evidence." (Defendant's Response 1.)

Eatman's first two points deal with the performance of his counsel. These arguments may support an ineffective assistance of counsel claim. However, ineffective assistance claims generally should be pursued in a collateral proceeding rather than on direct appeal so the court may compile an appropriate record. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (concluding ineffective assistance of counsel claims brought on direct appeal are "presumptively dismissible, and virtually all will be dismissed"). Because the record in this case is not developed as to Eatman's ineffectiveness claim, we would decline to consider it on direct appeal.

On Eatman's third point, because the record shows Eatman has not yet sought any relief from the district court based on the "new evidence," there would be no error for us to correct on direct appeal. *See Galloway*, 56 F.3d at 1240 ("A factual record must be

- 4 -

developed in and addressed by the district court in the first instance for effective review.") (footnote omitted); *see also United States v. Easter*, 981 F.2d 1549, 1555 n.4 (10th Cir. 1992) (noting we may decline to entertain an argument when its factual basis is absent from the record).

B.  Sentencing Under 18 U.S.C. § 924(e)(1)

We have also examined Eatman's objection to counting his convictions for resisting arrest as violent felonies under the ACCA.  Although there appears to be an issue counsel has not identified, we are nonetheless convinced an appeal on this issue would be "wholly frivolous."  *See Anders*, 386 U.S. at 744.

As pertinent here, the ACCA establishes a 15-year minimum sentence for persons who commit certain crimes after incurring three previous convictions for violent felonies "on occasions different from one another."  18 U.S.C. § 924(e)(1).  Under the ACCA's violent felony "residual clause," "an offense is deemed a violent felony if it is a crime punishable by more than one year of imprisonment that . . . involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii); *see Sykes v. United States*, 131 S. Ct. 2267, 2273 (2011).

To determine whether an offense is a violent felony under this definition, we employ "the categorical approach."  *Id.* at 2272-73 (quoting *James v. United States*, 550 U.S. 192, 202 (2007)); *accord McConnell*, 605 F.3d at 825, 828 (applying our pre-*Sykes* categorical approach).  "Under this approach, we look only to the fact of conviction and the statutory definition of the prior offense."  *Sykes*, 131 S. Ct. at 2272.   When the prior offense is flight from arrest, for instance, we do not consider the "circumstances of the

flight." *Id.* Rather, "we consider whether the elements of the offense are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender." *Id.* (quoting *James*, 550 U.S. at 202). When a criminal statue prohibits both conduct which would qualify as a violent felony and conduct which would not, we may look at the charging documents and "documents of conviction" to determine the part of the statute under which the offender was convicted. *United States v. West*, 550 F.3d 952, 957-58 (10th Cir. 2008), *overruled on other grounds as recognized in McConnell*, 605 F.3d at 829.

Here, two of the three previous convictions easily qualify Eatman for the minimum 15-year term of imprisonment. His first qualifying conviction for burglary is specifically listed as a violent felony in 18 U.S.C. § 924(e)(2)(B)(ii). His other two convictions were for "resisting or interfering with arrest" under Mo. Ann. Stat. § 575.150. The later of these "resisting arrest" convictions was specifically for violating the statute's proscription of resisting arrest "in such a manner that the person fleeing creates a substantial risk of serious physical injury or death." (Appellant's App'x 39.) *See* Mo. Ann. Stat. § 575.150-5 (West 2004). Given the textual similarity between the charged portion of the Missouri statute and the language of the residual clause ("involve[d] conduct that present[ed] a serious potential risk of physical injury to another"), there can be no serious dispute that this conviction also qualifies as a violent felony. *See* 18 U.S.C. § 924(e)(2)(B)(ii); *see also United States v. Dunning*, No. 11-2034, 2012 WL 246530, at *7 (8th Cir. Jan. 27, 2012) (concluding a violation of this

portion of the Missouri resisting arrest statute qualifies as a violent felony)[3]

However, the earlier of the two "resisting arrest" convictions was simply for "resisting the arrest by fleeing from the officer." (Appellant's App'x 39.) Eatman objected to treating this conviction as a violent felony because the charging document did not contain the same language from the Missouri statute ("in such a manner that the person fleeing creates a substantial risk of serious physical injury or death") as the later conviction for resisting arrest. The court acknowledged the different language, but overruled the objection. It reasoned his conviction was for *felony* resisting arrest, which is warranted under the Missouri statute only when the conviction involves "a substantial risk of serious physical injury or death." (Appellant's App'x 40.)

---

[3] In *Begay v. United States*, 553 U.S. 137, 139 (2008), the Supreme Court held New Mexico's offense of driving under the influence of alcohol was not a violent felony under the ACCA's residual clause. The court reasoned violent felonies must not only "involve[] conduct that presents a serious potential risk of physical injury to another" as the statutory text requires, but also be limited "to crimes that are roughly similar, in kind as well as in degree of risk posed" to the crimes specifically enumerated in the statute. *Id.* at 141, 143. Thus, *Begay* concluded a violent felony must also satisfy a second requirement–it must "involve purposeful, violent, and aggressive conduct." *Id.* at 144-45 (quotations omitted). Yet *Sykes* distinguished *Begay*'s two-step formulation because it involved "a crime akin to strict liability, negligence, and recklessness crimes." 131 S. Ct at 2275-76. The felony of resisting arrest at issue in *Sykes* required the crime be committed "knowingly or intentionally." *Id.* at 2275. For such a felony, the Supreme Court explained, the second requirement was redundant and unnecessary. *Id.* at 2275-76. Here, the Missouri statute is, like the statute in *Sykes*, not a "strict liability, negligence, [or] recklessness crime." *See id.* Its consequences apply only to those who "*know*" or "reasonably should *know*" an officer was attempting to lawfully detain them and have "the *purpose* of preventing the officer from effecting the arrest." Mo. Ann. Stat. § 575.150 (West 2004) (emphasis added). Thus, we need not separately determine whether the Missouri statute applies only to "purposeful, violent, and aggressive conduct." *See Sykes*, 131 S. Ct at 2275-76 (quotations omitted); *see also United States v. Hudson*, 577 F.3d 883, 884-86 (8th Cir. 2009) (concluding the pertinent felony provision of the Missouri statute was a violent felony under the ACCA under both *Begay* requirements).

Yet, as we read the Missouri statute, a conviction for the felony version of the crime of resisting arrest can be premised on *either* resisting arrest in a way that involves "a substantial risk of serious physical injury or death" *or* simply resisting an arrest for a felony crime.[4] *See* Mo. Ann. Stat. § 575.150-5 (West 2004). Since Eatman was convicted of the "class C felony" of first-degree tampering in the same case, *see* Mo. Ann. Stat. § 569.080 (West 2004), we cannot rule out the possibility that his conviction rested on resisting his arrest for the felony of first-degree tampering. (Appellant's App'x

---

[4] In pertinent part, the then-applicable version of Missouri's "resisting or interfering with arrest" statute reads:

1. A person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:

(1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer; or

(2) Interferes with the arrest, stop or detention of another person by using or threatening the use of violence, physical force or physical interference.

. . .

5. Resisting or interfering with an arrest for a felony is a class D felony. Resisting an arrest by fleeing in such a manner that the person fleeing creates a substantial risk of serious physical injury or death to any person is a class D felony; otherwise, resisting or interfering with an arrest, detention or stop is a class A misdemeanor.

Mo. Ann. Stat. § 575.150 (West 2004). The statute remained unchanged in 2005, when Eatman was again convicted of violating the statute. *See* Mo. Ann. Stat. § 575.150 (West 2005).

- 8 -

33, 68.) Indeed, because the charging language for the earlier conviction lacked the later conviction's specific language about substantial risk ("in such a manner that the person fleeing creates a substantial risk of serious physical injury or death"), the earlier conviction might have been premised merely on resisting arrest for a felony. The court does not appear to have noticed this possibility when it considered whether the earlier conviction was a qualifying "violent felony" under 18 U.S.C. § 924(e)(1).

Nevertheless, applying *Sykes*, we are confident Eatman's conviction qualifies as a violent felony under the ACCA even if it was based solely on resisting arrest for a felony crime. In *Sykes*, the defendant was convicted under a section of Indiana's "resisting law enforcement" statute which made it a felony to use a vehicle to resist arrest. 131 S. Ct. at 2271. The Supreme Court concluded the conviction qualified as a violent felony under the residual clause because it "presents a serious potential risk of physical injury to another." *Id.* at 2273. It reasoned flight "makes a lack of concern for the safety of property and persons of pedestrians and other drivers an inherent part of the offense." *Id.* Further, officers who pursue suspects fleeing from arrest "may deem themselves duty bound to escalate their response to ensure the felon is apprehended." *Id.* Even after the pursuit ceases, it may be necessary for officers to draw their guns to complete the arrest. *Id.* at 2274. Thus, flight invites confrontation which "places property and persons at serious risk of injury." *Id.*

While these dangers are particularly acute in cases involving vehicular flight, they are likewise inherent in resisting an arrest for a felony crime. *See, e.g., United States v. Wardrick*, 350 F.3d 446, 455 (4th Cir. 2003) ("The act of resisting arrest poses a threat of

- 9 -

direct confrontation between a police officer and the subject of the arrest, creating the potential for serious physical injury to the officer and others.").  Because a felony is a serious crime, officers will still feel "duty bound" to "ensure the felon is apprehended." *See Sykes,* 131 S. Ct at 2273.  Consequently, the felon's resistance, even though it may not involve a vehicle, still invites pursuit, escalation, and violence.  This "presents a serious potential risk of physical injury" to both the pursuing officers and bystanders. *See id.*  Thus, even if the conviction at issue was merely for resisting an arrest for a felony crime, it nonetheless qualifies as a violent felony under 18 U.S.C. § 924(e)(2)(B)(ii).

After carefully reviewing the record, we perceive no other non-frivolous claims of error.  Counsel's motion to withdraw is GRANTED and Eatman's appeal is DISMISSED.  Eatman's motion for the appointment of new counsel is DENIED.

Entered by the Court:

Terrence L. O'Brien
United States Circuit Judge

- 10 -