FILED
United States Court of Appeals
Tenth Circuit

April 20, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RONALD ERIC BOYD,

    Defendant - Appellant.

No. 17-6007
(D.C. Nos. 5:16-CV-00645-R and
5:05-CR-00069-R-1)
(W.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Ronald Boyd seeks a certificate of appealability ("COA") to challenge the

denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

**I**

In 2005, Boyd pled guilty to one count of being a felon in possession of a

firearm and one count of possessing a firearm during and in relation to a drug-

trafficking crime. The district court concluded he was subject to the sentencing

provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and

U.S.S.G. § 4B1.4, based on two prior drug convictions and one prior conviction for

assault and battery with a dangerous weapon under Okla. Stat. tit. 21, § 645.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the ACCA, Boyd filed a § 2255 motion, arguing that his Oklahoma conviction no longer qualifies as a violent felony under that statute. While his motion was pending before the district court, we issued a decision in United States v. Taylor, 843 F.3d 1215 (10th Cir. 2016), which addressed whether the Oklahoma statute under which Boyd was convicted satisfies the "elements clause" of U.S.S.G. § 4B1.2(a)(1).[1] We concluded "the use of a 'dangerous weapon' during an assault or battery always constitutes a sufficient threat of force to satisfy the elements clause." Taylor, 843 F.3d at 1224 (quotation omitted). In light of Taylor, the district court held that Boyd's § 645 conviction remained a crime of violence regardless of the validity of the residual clause. It denied his § 2255 motion on the merits and declined to issue a COA. Boyd now seeks a COA from this court.

## II

A prisoner may not appeal the denial of relief under § 2255 without a COA. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Under this standard, Boyd must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

---

[1] Although Taylor considered whether § 645 is a crime of violence for purposes of the Guidelines rather than the ACCA, "the nearly identical language in those two provisions allows us to consider precedent involving one in construing the other." United States v. McConnell, 605 F.3d 822, 828 (10th Cir. 2010).

issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

At the time of Boyd's offense, Oklahoma's assault and battery with a dangerous weapon statute read:

> Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony, upon conviction is guilty of a felony punishable by imprisonment in the penitentiary not exceeding ten (10) years, or by imprisonment in a county jail not exceeding one (1) year.

Okla. Stat. tit. 21 § 645 (1999).

In Taylor, we concluded that § 645 contains a divisible set of elements: it criminalizes an assault, battery, or assault and battery with any sharp or dangerous weapon; and, in the alternative, it criminalizes shooting at another. 843 F.3d at 1223. Further, the first alternative contains the sub-alternatives of "assault," "battery," or "assault and battery." Id. We acknowledged that, under Oklahoma law, simple assault and simple battery require only "the slightest force or touching," id. at 1223, but concluded that the additional element of "dangerous weapon" qualifies the conviction as a crime of violence because "the use of a 'dangerous weapon' during an assault or battery always constitutes a sufficient threat of force to satisfy the elements clause of § 4B1.2(a)(1)," id. at 1224-25 (quotation omitted).

Boyd attempts to distinguish Taylor on the ground that his § 645 conviction was for battery, whereas the defendant in Taylor was previously convicted of assault

3

and battery. Id. at 1223. He contends that any statements in Taylor regarding the sub-alternative of battery were dicta,[2] and that battery with a dangerous weapon does not qualify as a crime of violence because it can be committed without the use of "violent force," see Johnson v. United States, 559 U.S. 133, 140 (2010). Even if we accept these premises, however, our prior case law indicates that battery with a dangerous weapon qualifies as a crime of violence under the elements clause.

In United States v. Treto-Martinez, 421 F.3d 1156 (10th Cir. 2005), we held that Kansas aggravated battery, which can be committed by "intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon," satisfies the elements clause even if the statute could be violated without the use of violent force. Id. at 1158, 1160. We explained that even if such contact were "not sufficient in itself to constitute actual use of physical force . . . , [it] could always lead to more substantial and violent contact, and thus it would always include as an element the threatened use of physical force." Id. at 1160 (quotation omitted).[3] The same reasoning applies to battery with a dangerous weapon with intent to injure.

---

[2] To the extent Boyd argues that Taylor was incorrectly decided, "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." In re Smith, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam).

[3] Although a different Guidelines provision was at issue in Treto-Martinez, it contained an elements clause identical to the ACCA. Compare id. at 1158, with § 924(e)(2)(B)(i).

4

**III**

For the foregoing reasons we **DENY** a COA and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge