FILED
United States Court of Appeals
Tenth Circuit

March 9, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PETER ALLEN SARRACINO,

    Defendant - Appellant.

No. 17-2168
(D.C. Nos. 1:16-CV-00734-MCA-CG and
1:95-CR-00210-MCA-3)
(D.N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **O'BRIEN**, **MORITZ**, Circuit Judges.
_____

Peter Sarracino seeks a certificate of appealability ("COA") to appeal the

district court's denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss

the appeal.

**I**

In 1996, Sarracino was convicted in federal court of kidnapping and second-

degree murder. He was found to be a career offender under U.S.S.G. § 4B1.1 (1995)[1]

based on the second-degree murder offense and prior convictions for assault with a

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] All citations to the Guidelines in this order refer to the 1995 version applied at Sarracino's sentencing.

dangerous weapon in federal court and voluntary manslaughter in New Mexico state court. He received two concurrent life sentences. Sarracino's subsequent challenges to his conviction and sentence were unsuccessful.

Following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated the "residual clause" of the Armed Career Criminal Act ("ACCA"), id. at 2557, we granted Sarracino leave to file a successive habeas motion. Sarracino argued that his sentence, which was imposed under the then-mandatory Sentencing Guidelines, violated the Due Process Clause because his second-degree murder conviction and two predicate offenses could not qualify as "crimes of violence" without the residual clause. Adopting the recommendation of a magistrate judge, the district court concluded that, Johnson notwithstanding, all three crimes qualified as crimes of violence under the "elements clause" of § 4B1.2. The district court also denied a COA. Sarracino now seeks a COA from this court.

## II

Sarracino may not appeal the denial of habeas relief under § 2255 without a COA. § 2253(c)(1)(B). We will issue a COA only if Sarracino demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Sarracino first argues that the district court should not have considered whether federal second-degree murder qualifies as a crime of violence because the

2

government failed to brief that issue. However, Rule 4(b) of the Rules Governing Section 2255 Proceedings "empowers the court to dismiss meritless petitions on its own without requiring any action by the government." Hines v. United States, 971 F.2d 506, 509 (10th Cir. 1992). In a § 2255 proceeding, the movant bears the burden of demonstrating the deprivation of a constitutional right. United States v. Kennedy, 225 F.3d 1187, 1197 n.6 (10th Cir. 2000). Sarracino was thus responsible for convincing the district court that his second-degree murder conviction was not a crime of violence, regardless of whether the government responded.

We conclude that the district court appropriately assessed whether Sarracino's second-degree murder conviction qualified as a crime of violence under the elements clause. At the time Sarracino was sentenced, the career offender Guidelines applied if an adult defendant was convicted of a crime of violence after two prior felony convictions for a crime of violence. U.S.S.G. § 4B1.1.[2] Under the elements clause, which remains valid following Johnson, see 135 S. Ct. at 2563, the term "crime of violence" includes any felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(1)(i). To determine whether an offense qualifies, we "apply a categorical

_____

[2] Although the Supreme Court has concluded that its invalidation of ACCA's residual clause does not extend to the identically worded residual clause contained in the advisory Guidelines, the Court has not decided whether the same reasoning applies to sentences imposed when the Guidelines were mandatory. See Beckles v. United States, 137 S. Ct. 886, 894 (2017); see also id. at 903 n.4 (Sotomayor, J., concurring) (noting that the majority opinion "leaves open the question whether defendants sentenced to terms of imprisonment" when the Guidelines were mandatory "may mount vagueness attacks on their sentences"). We assume without deciding that such sentences are governed by Johnson.

3

approach that looks only to the words of a statute and judicial interpretations of it, rather than to the conduct of any particular defendant convicted of that crime." United States v. McConnell, 605 F.3d 822, 825 (10th Cir. 2010) (quotations omitted).

Federal second-degree murder is any unlawful killing of a person with malice aforethought that does not qualify as first-degree murder. United States v. Pearson, 203 F.3d 1243, 1271 (10th Cir. 2000). The malice aforethought element can be satisfied by proving: "(1) intent-to-kill without the added ingredients of premeditation and deliberation; (2) intent to do serious bodily injury; (3) a depraved-heart; or (4) commission of a felony when the crime does not fall under . . . first degree murder." Id.

Sarracino argues that this offense does not qualify under the elements clause because murder can be achieved through the indirect application of force—by, for example, placing a barrier in front of a car or exposing a victim to hazardous chemicals. But in United States v. Ontiveros, 875 F.3d 533 (10th Cir. 2017), we concluded that a prior line of cases holding "that indirect force is not an application of physical force . . . is no longer good law" and thus ACCA's use of the phrase "physical force" includes force "applied directly or indirectly." Id. at 538 (quotations omitted) (citing United States v. Castleman, 134 S.Ct. 1405, 1414 (2014), and United States v. Perez-Vargas, 414 F.3d 1282, 1286 (10th Cir. 2005)).

Sarracino also contends that second-degree murder can be committed recklessly, but this observation does not help him. "[A] statute requiring proof only that the defendant acted willfully and with reckless disregard for the risk posed by

4

that act to another person may categorically involve the use of physical force."

United States v. Pam, 867 F.3d 1191, 1208 (10th Cir. 2017). Although we previously held that reckless offenses did not qualify as crimes of violence under ACCA, we have since concluded that the Supreme Court effectively overruled this holding. Id. at 1207 (citing Voisine v. United States, 136 S. Ct. 2272, 2016), and United States v. Duran, 696 F.3d 1089, 1095 (10th Cir. 2012)).[3]

Finally, Sarracino challenges the district court's conclusion that his New Mexico manslaughter conviction qualifies as a crime of violence on the same bases. He again argues that the crime can be committed through reckless conduct or through indirect means. We reject these contentions for the same reasons noted above.[4]

## III

For the foregoing reasons, a COA is **DENIED** and the appeal is **DISMISSED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] Both Ontiveros and Pam concerned the elements clause of ACCA rather than the mandatory Guidelines. But the two clauses are identical, and Sarracino does not provide any basis for treating them differently.

[4] Although he argued the issue below, Sarracino does not challenge the district court's conclusion that his federal assault with a dangerous weapon conviction qualifies as a crime of violence.